Filed 9/18/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GEORGE BRINSMEAD et al., | C096394 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34202100292775CUPOGDS) |
| v. | |
| ELK GROVE UNIFIED SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Richard Sueyoshi, Judge.  Reversed with directions.

Niddrie Addams Fuller Singh LLP, John S. Addams, and David A. Niddrie; Frantz Law Group, APLC, James P. Frantz, Stephanie M. Caloca, and Jade S. Koller for Plaintiffs and Appellants.

Horvitz & Levy LLP, Scott P. Dixler, and Cameron Fraser; Matheny Sears Linkert & Jaime, LLP, Richard S. Linkert, and Madison M. Simmons for Defendants and Respondents.

This case arises from a car crash causing the death of a 16-year-old girl G. when she was trying to get to high school.  In January 2020, after waiting 40 minutes for a

1

school bus that never came, G. got picked up from the bus stop by a friend whom she had texted. During their ride to school, the friend's car was hit head on by another driver, causing G. to suffer fatal injuries. G.'s parents sued the school district, a board member of the school district, and school district employees (collectively, the district) for wrongful death. The parents alleged the district was liable because it breached its duty to timely retrieve G. from the designated school bus stop, to provide notice of and instructions regarding delayed buses, and to provide a reasonably safe and reliable bus system. The district demurred asserting immunity under Education Code section 44808. (All further undesignated section references are to the Education Code.) The trial court sustained the demurrer to the parents' first amended complaint without leave to amend and entered a judgment of dismissal. We conclude the parents pleaded sufficient facts to fall outside section 44808 immunity for purposes of demurrer and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the operative complaint, the parents enrolled G. in the district's school bus program for the 2019-2020 school year. As of January 2020, G. rode a district bus from a district-designated bus stop to her high school. The bus was scheduled to arrive at the stop at approximately 6:40 a.m. On January 22, 2020, G. was present at the bus stop at its scheduled arrival time, but the bus did not come. G. and the parents did not receive notice of a delay, nor did they receive instruction that G. should wait for a bus to arrive. At approximately 7:20 a.m., with no bus in sight, G. got a ride to school in a friend's car. During the ride, the friend's car was hit head on by another driver. G. sustained fatal injuries on impact.

The parents sued the district and other parties. The first amended complaint sought monetary damages for wrongful death and asserted a survivors' action against all defendants. The district demurred, arguing it owed no duty to G. under section 44808 because the district had not yet begun to undertake her transportation to school. The trial court agreed and sustained the demurrer with leave to amend. The parents amended the

2

complaint, and the district demurred once more. The district again argued section 44808 rendered it immune because the parents still did not allege that the district began undertaking G.'s transport to school. The trial court (Judge Cadei) heard argument and sustained the demurrer without leave to amend on the grounds that section 44808 immunity applied. The court (Judge Sueyoshi) entered a judgment of dismissal. The parents timely appealed.

## DISCUSSION

### I

### *Standard and Scope of Review*

A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Title Ins. Co. v. Comerica Bank—California* (1994) 27 Cal.App.4th 800, 807.) We review de novo the dismissal of a civil action after a demurrer is sustained without leave to amend. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 (*Cantu*).) In doing so, we exercise our independent judgment to "determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) " 'We treat the demurrer as admitting all material facts properly pleaded,' " and we liberally construe the complaint's allegations with a view to substantial justice between the parties. (*Ibid*.; Code Civ. Proc., § 452.) The plaintiffs bear the burden of proving the trial court erred in sustaining the demurrer. (*Williams v. Sacramento River Cats Baseball Club, LLC* (2019) 40 Cal.App.5th.280, 286.)

We affirm if any proper ground for sustaining the demurrer exists even if the trial court did so on an improper ground. (*Cantu*, *supra*, 4 Cal.App.4th at p. 880, fn. 10.) But a defendant "who has advanced multiple theories in support of a demurrer . . . may be deemed to have abandoned those theories by failing to reassert them on appeal." (*Tukes v. Richard* (2022) 81 Cal.App.5th 1, 20 (*Tukes*).)

Here, the district demurred to the parents' amended complaint on multiple grounds, including immunity under section 44808. The trial court sustained the demurrer

3

based on that immunity and did not address the district's other grounds. On appeal, the parents argue the demurrer cannot be sustained on any ground the district argued in the trial court. Because the district reasserts only immunity as a ground for demurrer in its responding brief, we deem the district to have abandoned any alternative grounds for demurrer. (*Tukes, supra*, 81 Cal.App.5th at pp. 20-21.) Thus, our analysis is limited to whether the trial court erred in finding immunity under section 44808.

II

*Section 44808*

A school district "owes a duty of care to its students because a special relationship exists between the students and the district." (*Guerrero v. South Bay Union School Dist.* (2003) 114 Cal.App.4th 264, 268.) But that special relationship does not create liability on its own. (*Ibid.*) " 'The liability of public entities is entirely statutory.' " (*Bassett v. Lakeside Inn, Inc.* (2006) 140 Cal.App.4th 863, 869 (*Bassett*); Gov. Code, § 815.) A school district's liability is limited by section 44808. (*Bassett,* at p. 870.) Under section 44808, a district is immune from liability "for the conduct or safety of any pupil of the public schools at any time when [the] pupil is not on school property." (§ 44808.)

But an exception to that immunity applies and "a duty of care exists" where the district "has undertaken to provide transportation for such pupil to and from the school premises." (§ 44808; *Patterson v. Sacramento City Unified School Dist.* (2007) 155 Cal.App.4th 821, 830 (*Patterson*).) In the event of such undertaking, the district is liable for the safety of a pupil "while such pupil is or should be under the immediate and direct supervision of an employee of such district." (§ 44808.) Here, the dispute centers on the meaning and application of these two phrases: (1) "has undertaken to provide transportation" and (2) "is or should be under the immediate and direct supervision of an employee of such district." We separately analyze each of these phrases as applied to the facts alleged in the parents' amended complaint and then turn to the district's other contentions concerning section 44808.

4

*A.*     *Has Undertaken to Provide Transportation*

A school district is not immune, and a duty exists under section 44808 when the district "has undertaken to provide transportation" to students.  (§ 44808; *Patterson, supra*, 155 Cal.App.4th at p. 830.)  Here, the trial court agreed with the district that this phrase did not cover the facts alleged because the district "had not yet begun to undertake the transportation of [G.] to school on the day of the accident."  The trial court found no authority to expand liability "for any busing actions . . . even before a student actually boards a school bus in the morning."  The district argues that the court's interpretation of the undertaking language is consistent with its plain meaning.  We disagree.

According to its plain meaning, the phrase "undertakes to provide transportation" connotes both the physical transportation from point A to point B and also the promise or engagement to provide that transportation.  (See Webster's 3d New Internat. Dict. (1993) p. 2491 [defining undertake to mean "to take in hand: enter upon; set about; attempt"; "to take upon oneself solemnly or expressly; put oneself under obligation to perform"; "guarantee, promise"; "to accept as a charge: engage to look after or attend to; accept the responsibility for the care of"]; *People v. Costella* (2017) 11 Cal.App.5th 1, 6 [plain meaning of statutory language controls and is determined from dictionary].)  Thus, the parents' allegation that the district accepted the responsibility of providing G. stable and reliable transportation to school when the district enrolled her in the district's school bus program falls within this plain meaning.

The district admits this meaning but argues we should construe the phrase narrowly in the context of student pick-up to cover only the point at which the bus arrives.  In support of that argument, the district relies on the use of the term "specific" in section 44808.  For example, section 44808 describes the activities excluded from immunity as "specific undertaking[s]."  (§ 44808.)  The district contends this description "supports reading 'undertake to provide transportation' to mean transporting specific students, on a specific bus, on a specific day, and not the mere promise of providing bus

5

transportation generally." This argument is not compelling. When a district accepts a student's enrollment in a district's school bus program to provide stable and reliable transportation to school, that acceptance constitutes a "specific undertaking" by the district.

The district also argues the trial court's ruling is consistent with published authorities interpreting section 44808. But those authorities "do not address when the duty to transport begins" nor do they address any temporal limits on the broader undertaking to provide transportation. (*Eric M. v. Cajon Valley Union School Dist.* (2009) 174 Cal.App.4th 285, 296 (*Eric M.*).) The published authorities interpreting section 44808 do indicate that the duty to transport includes "gaining access to the transportation vehicle." (*Ibid*.) They also indicate that when a district chooses to provide bus transportation to students, that choice constitutes "an affirmative undertaking . . . to provide bus transportation, and [a] resulting duty of providing it with reasonable care." (*Id*. at p. 297) But the authorities do not establish a bright line rule that the undertaking to provide transportation begins only when the bus arrives.

In *Eric M.*, a student boarded a bus after school but then left the bus after believing he saw his father's car parked nearby. (*Eric M*., *supra*, 174 Cal.App.4th at p. 290.) The student was later hit by a car as he crossed the street. (*Ibid*.) The appellate court reviewed a ruling on a motion for summary judgment and held that the trial court incorrectly determined the school district did not owe the plaintiff a duty of reasonable care at the relevant times. (*Id.* at pp. 288, 289.) According to the *Eric M.* court, once a child routinely boards the school bus, the school becomes a "full participant in the process of getting the child to and from school." The district cites *Eric M.* for the statement that this process "has a beginning, a middle and an end." (*Id*. at p. 297.) The district argues we should construe this statement to mean there is no transportation process, and thus no undertaking to provide transportation, until the bus arrives. But the district takes this statement out of context, extracting a rule that *Eric M.* did not adopt.

6

(See *People v. Letner and Tobin* (2010) 50 Cal.4th 99, 194.) The *Eric M.* court made this statement in response to the school district's threshold argument that it had no duty because the law did not compel it to provide bus transportation. (*Eric M.*, *supra*, at p. 297.) *Eric M.* did not hold that an undertaking to provide transportation under section 44808 begins only when the school bus arrives.

The district also relies on *Raymond v. Paradise Unified School Dist.* (1963) 218 Cal.App.2d 1, which was decided before section 44808 (and its predecessor) was enacted. (Stats. 1976, ch. 1010; former § 13557.5.) The district argues this case reflects the common law rule, codified in section 44808, that a district owes "a duty of care in the *actual movement* of school buses" and "responsibility for the supervision of pupils in the course of *actual transportation*." (See *Raymond*, at p. 9, italics added.) But the district again takes these statements out of context. In *Raymond*, we considered an appeal following a jury verdict. (*Id*. at p. 5.) The jury found that the school district was negligent in failing to provide supervision of a bus loading zone at a high school used by six buses that would arrive and depart in close proximity. (*Ibid*.) We stated that considerations engendering "a duty of care in the actual movement of schools buses, or [creating] responsibility for the supervision of pupils in the course of actual transportation, do not necessarily govern conduct of the bus stop areas." (*Id* at p. 9.) Given the practical problems involved, we declined to provide a general formulation of duty with respect to transportation of students to and from school, opting instead to "deal only with the accident scene before us, not with school bus stops in general." (*Id*. at p. 10.) In light of the facts the jury considered, we held that the school district "had a duty to provide adequate supervisory measures to protect children using the bus loading zone on the grounds of the high school." (*Id*. at p. 11.) Thus, *Raymond's* limited holding does not assist the district here.

In the trial court, the district suggested *Bassett, supra*, 140 Cal.App.4th 863 supported its interpretation of "undertaken to provide transportation." There, the

7

plaintiffs sued their daughter's school district after she was killed by a drunk driver while crossing the street to a designated school bus stop. (*Id*. at p. 866.) The plaintiffs argued the school district "undertook to provide transportation to the school and 'failed to exercise reasonable care under the circumstances' " by designating a dangerous location for the bus stop. (*Id*. at p. 871.) Contrary to the district's interpretation of *Bassett*, we did not reject the argument that the phrase "undertaken to provide transportation" may have a broader meaning than the physical transportation of the student. But we held that immunity under section 44808 is withdrawn "only when the student is or should be under the school's direct supervision." (*Id*. at p. 872.) Because the student was not injured "while she was or should have been under the direct supervision of the school, section 44808 [immunity] applie[d]." (*Ibid*.) The decision in *Bassett* therefore hinged on the second phrase at issue here, whether the student was or should have been under district employee supervision at the time of the accident. Thus, *Bassett* does not provide support for the district's interpretation of the phrase "has undertaken to provide transportation."

More useful guidance regarding the meaning of this phrase is found in *Hanson v. Reedley etc. School Dist.* (1941) 43 Cal.App.2d 643. There, a teacher arranged for another student to regularly take two students home following tennis practice, providing the driving student with gas and reimbursement in accordance with district policy. (*Id*. at p. 646.) According to the court, the teacher "undertook" to provide transportation to the students and was required to "use such ordinary care in connection therewith as would have been exercised by a reasonably prudent person under the circumstances." (*Id*. at p. 649.) This case indicates that arranging the provision of transportation of students constitutes an undertaking to provide transportation. While this case predated the enactment of section 44808 and its predecessor (former § 13557.5), section 44808 "is simply a recognition by the Legislature of the law existing prior to its enactment that once a school district undertakes to provide transportation for its pupils it has a duty to

8

exercise reasonable care under the circumstances." (*Farley v. El Tejon Unified School Dist.* (1990) 225 Cal.App.3d 371, 376 (*Farley*).) We can also glean that in borrowing the language "undertaken to provide transportation" from *Hanson*, the Legislature intended that a similar meaning would apply under section 44808. (See *Hoyem v. Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 518 (*Hoyem*) [in borrowing language from a case predating section 44808, the court reasoned that the Legislature intended to limit a district's liability under similar circumstances].)

In sum, the plain language of section 44808 establishes that a school district *undertakes* to provide transportation both when the school bus arrives and transports students and also when the district accepts the responsibility of providing that transportation. The parents' allegations are sufficient to allege an undertaking under section 44808 for purposes of demurrer.

B.      *Is or Should Be Under the Immediate and Direct Supervision of a District Employee*

Section 44808 provides an additional limitation to the undertaking exception from immunity. A district is liable during the undertaking "only while [the student] is or should be under the immediate and direct supervision of an employee" of the district. (§ 44808.) The parents alleged that when the accident occurred, G. should have been on the bus that was at least 40 minutes late; thus, according to the parents, G. "should have been under the care, custody and supervision of [the district] and/or its bus driver" at the time the accident occurred.

In analyzing the sufficiency of this allegation, the trial court considered two cases, *Farley, supra*, 225 Cal.App.3d 371 and *Eric M, supra*, 174 Cal.App.4th 285. In *Farley*, a student got off a school bus at the designated stop and was hit by a car while crossing the street. (225 Cal.App.3d at p. 374.) The school bus had driven away and was out of sight at the time of the accident. (*Ibid*.) On appeal following a motion for summary judgment, the appellate court held it was a triable issue of fact whether the school district was liable

9

for failing to supervise the student. (*Id*. at p. 380.) In *Eric M*., a student boarded a bus after school but then got off the bus after believing he saw his father's car parked nearby. (174 Cal.App.4th at p. 290.) When the student realized he was mistaken, he started walking back to school and was hit by a car as he crossed a busy street. (*Ibid*.) The appellate court reversed summary judgment for the district, concluding there was a "triable issue of fact whether the duty of immediate and direct supervision of pupils was invoked and breached [in the] circumstances." (*Id.* at p. 299.)

The trial court found these cases factually distinguishable from the parents' alleged facts because the physical transportation process of the students in *Farley* and *Eric M.* had been recently completed. Thus, the trial court construed the phrase " 'should have been' under . . . supervision" as applying only if the parents had alleged that G. was recently under supervision. Such a construction of the statutory language is overly narrow. We construe the phrase " 'should have been' under . . . supervision" to cover the time during which the school bus should have arrived and provided transportation to a student.

The trial court's analysis of these cases also misapplied the standards for demurrer. "A general demurrer will lie where the complaint 'has included allegations that *clearly* disclose some defense or bar to recovery.' " (*Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 183.) The demurrer must admit the truth of all material facts properly pleaded no matter how unlikely or improbable. (*Hacker v. Homeward Residential, Inc.* (2018) 26 Cal.App.5th 270, 280.) The question of plaintiffs' ability to prove their allegations, or possible difficulties in making such proof, is of no concern. (*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496.) Both *Farley, supra*, 225 Cal.App.3d 371 and *Eric M., supra*, 174 Cal.App.4th 285 indicate that whether a particular student was or should have been under a district employee's direct supervision is a question of fact.

10

On demurrer, this phrase hinges on whether the plaintiffs allege a viable claim that a school district owed a duty to provide direct supervision during the alleged undertaking. Here, the parents alleged that the district undertook to provide G.'s transportation to school when they accepted her enrollment in the school bus program. Under that program, the bus had a duty to arrive at the designated stop around 6:40 a.m. and take G. to school. The parents alleged the bus did not arrive for at least 40 minutes after its scheduled arrival time. Accepting these allegations as true and liberally construing them as we must on demurrer, we conclude the parents adequately alleged G. should have been under district supervision by the time she decided to find other transportation and at the time she was fatally injured.

## C.     *The District's Other Contentions*

The district raises five other contentions in support of the trial court's ruling. None have merit.

First, the district contends that allowing the parents' amended complaint to fall outside section 44808 immunity fails to give meaning to all the words in section 44808. According to the district, three requirements must be met before a district can be held liable for the safety of students while off campus: (1) the district must engage in a specified undertaking; (2) the district must fail to exercise reasonable care during the undertaking; and (3) the plaintiff must show that the student was or should have been under the immediate and direct supervision of a district employee. The district contends that "under [the parents'] rule, a single act – a bus being late – automatically satisfies all three statutory requirements." We are not persuaded. The district's argument truncates the parents' allegations into one overly simplified allegation.

Second, the district contends that the parents' interpretation of section 44808 "clashes with the . . . purpose of section 44808." Specifically, the district contends section 44808 was intended to limit the circumstances under which a school district is responsible for supervising students. We agree this was the general intent of

11

section 44808. (See *Srouy v. San Diego Unified School Dist.* (2022) 75 Cal.App.5th 548, 568.) But this does not reflect the qualification to that limitation provided by the clause "unless such district . . . has undertaken to provide transportation." While we narrowly construe an exception to a general provision, such narrow construction covers circumstances that are within the words and reason of the exception. (*Azusa Land Partners v. Department of Industrial Relations* (2010) 191 Cal.App.4th 1, 31.) As noted above in part IIA, the undertaking to provide transportation exception of section 44808 recognizes that "once a school district undertakes to provide transportation for its pupils, it has a duty to exercise reasonable care under the circumstances." (*Farley, supra*, 225 Cal.App.3d at p. 376.) The parents' allegations fall within even a narrow construction of this exception.

Third, the district contends that allowing the parents' interpretation "would make school districts liable for off-campus student injuries even when the districts have no ability to control student conduct." Not so. The district confuses the lack of immunity with liability. That a school district is subject to a lawsuit does not mean it will be held liable. To establish liability for negligence, a plaintiff must prove duty, breach of duty, causation, and injury. (*LeRoy v. Yarboi* (2021) 71 Cal.App.5th 737, 742.) Whether G. should have been under a district employee's supervision at the time of the accident, whether the district acted reasonably in performing the undertaking alleged, and whether the district's breach of duty, if any, was the proximate cause of injury are not before us on appeal following demurrer. (See, *e.g.*, *Hoyem, supra*, 22 Cal.3d 508, 519 [a district is legally responsible for those injuries that are only a proximate result from the district's failure to exercise that degree of care that a person of ordinary prudence, charged with comparable duties, would exercise under the same circumstances]; *Angelis v. Foster* (1938) 24 Cal.App.2d 541, 543 [a school's failure to provide transportation was not the proximate cause of plaintiff's injury].) Thus, the district overstates the meaning and effect of our holding.

12

Fourth, the district contends that a school district cannot fail to exercise reasonable care during a bus ride that never occurs. But the undertaking the parents allege is not the bus ride alone but rather the promise to provide that ride. For purposes of demurrer, the parents sufficiently alleged that the district owed a duty to provide transportation to G. and failed to exercise reasonable care in performing that duty by not timely picking her up and not notifying her or them of school bus delays or how to react during those delays. Whether the parents can prove that the district failed to exercise reasonable care under the circumstances is not properly before us on demurrer.

And fifth, the district contends that after applying the common law duty factors in *Rowland v. Christian* (1968) 69 Cal.2d 108 (*Rowland*),[1] we may affirm "on the alternative ground that the district is not liable because neither the district nor any of its officers or employees had a duty to protect [G.] from the harm she suffered." This contention fails given our conclusion that the parents sufficiently alleged a duty under section 44808. And the *Rowland* factors do not provide a "freestanding means of establishing duty." (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 217.)

---

[1] "[T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Rowland, supra*, 69 Cal.2d at p. 113.)

## DISPOSITION

The judgment of dismissal is reversed, and the case is remanded to the trial court with instructions to vacate its order sustaining the district's demurrer to the first amended complaint and to enter a new order overruling the demurrer. The parents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

         /s/

         MESIWALA, J.

We concur:

 /s/

ROBIE, Acting P. J.

 /s/

DUARTE, J.