Filed 1/6/15  Patterson v. Sherwood Valley Homeowners Assn. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JO ANNE PATTERSON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHERWOOD VALLEY HOMEOWNERS ASSOCIATION,<br><br>    Defendant and Appellant. | 2d Civil No. B254446<br>(Super. Ct. No. 56-2010-00377886-CU-NP-VTA)<br>(Ventura County) |

Jo Anne Patterson resides in the Lake Sherwood area of Thousand Oaks. Her home, which is part of the Original Sherwood Community, is adjacent to a parcel of property known as Maid Marion Park (Park).  When the trees in the Park began blocking her view of the lake, she brought an action against the Sherwood Valley Homeowners Association (Association) alleging, inter alia, its planting and maintenance of the trees violated the declaration of restrictions and grant of easements for the Park (Park CC&Rs).

The Association prevailed on all of Patterson's claims and moved for an award of attorney fees under Civil Code section 1354, subdivision (c) [now § 5975, subd. (c)],[1] which entitles the prevailing party to reasonable attorney fees and costs "[i]n an

---

[1] All statutory references are to the Civil Code.  Effective January 1, 2014, the Davis-Stirling Common Interest Development Act (Davis-Stirling Act) (§ 1350 et seq.) was repealed and recodified.  (See Stats. 2012, ch. 180, §§ 1-2.)  The recodified versions of section 1354 and other relevant statutes are identical to their former counterparts.  In

action to enforce the governing documents." By definition, "governing documents" are the declaration and any other documents . . . which govern the operation of the common interest development or association." (§ 1351, subd. (j) [now § 4150].) In denying the motion, the trial court determined section 1354 did not apply because the Park CC&Rs do not govern the operation of a common interest development or association. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In 1990, Sherwood Development Company (SDC) created the New Sherwood Community, a residential development, country club, golf course and park in the Lake Sherwood area. SDC recorded a declaration of covenants, conditions and restrictions for the New Sherwood Community (Association CC&Rs), which governs all of the lots and parcels within that community. The Association manages and controls the common areas of the New Sherwood Community. Patterson, who resides in the Original Sherwood Community, is not a member of the Association.

In 2005, SDC and the Lake Sherwood Mutual Water Company recorded the Park CC&Rs, which created certain easements and rights in the Park for the benefit of surrounding properties, including those within the Original and New Sherwood Communities. As part of the planned park improvement and maintenance program, the Association became both the owner and manager of the Park.

The Association planted additional trees in the Park and provided maintenance services. Patterson complained the trees destroyed her previously unobstructed view of Lake Sherwood. When the Association failed to adequately address her concerns, Patterson, representing herself, filed a complaint alleging nuisance and intentional infliction of emotional distress. The complaint sought to enforce the Association CC&Rs. Among other things, it alleged the Association created a "nuisance by extensively over-planting Maid Marion Park with a variety of rapidly growing trees and by arrogantly and oppressively refusing to maintain the Park in accordance with its own CC&Rs."

_____

this opinion, we identify both the current and former version of each cited statute, and then subsequently refer only to the former version, which was in effect at the time of trial.

2

The trial court sustained the Association's demurrer to both causes of action. Patterson retained an attorney, who filed a first amended complaint (FAC) alleging claims for breach of zoning ordinance, nuisance, spite fence and enforcement/breach of the Park CC&Rs. Patterson later filed a second amended complaint (SAC) alleging the same four causes of action. Unlike the original complaint, the FAC and SAC did not seek to enforce the Association CC&Rs.

The trial court granted the Association's motion for summary adjudication of the claims for breach of zoning ordinance, nuisance and enforcement/breach of the Park CC&Rs. It determined Patterson did not have a right to an unobstructed view of the lake and that she lacked standing to enforce the Park CC&Rs. After the jury rejected her spite fence claim, the court entered judgment for the Association.

The Association moved for an award of $161,474.50 in attorney fees under section 1354, subdivision (c), arguing that, as the prevailing party, it was entitled to fees because Patterson "sought to enforce the Park CC&Rs against the Association (the Fourth cause of action to the [FAC and SAC]) and sought to enforce the Association's CC&Rs against the Association in her original complaint . . . ." Patterson opposed the motion, asserting she has never been a member of the Association and that because the Park CC&Rs do not govern a common interest development, the Association is not entitled to fees.

The trial court denied the motion. Noting "[t]here are two separate documents in play here," the court determined the Association CC&Rs do not apply because Patterson is not a member of the Association and did not seek to enforce those CC&Rs. It found the Park CC&Rs, which Patterson did try to enforce, govern "the rights, responsibilities and relationship between people who are not members of the Common Interest Development." Because Patterson did not seek to enforce the governing documents of a common interest development or association, the court concluded the Association could not recover fees under section 1354, subdivision (c). The Association appeals.

3

DISCUSSION

*Standard of Review*

In determining the entitlement to attorney fees under section 1354, subdivision (c), the appellate court conducts an independent review of whether an action is one to enforce the governing documents of an association or common interest development. (*Salawy v. Ocean Towers Housing Corp.* (2004) 121 Cal.App.4th 664, 669.) The determination of the prevailing party and the amount of the award are reviewed for abuse of discretion. (*Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 94; *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574.)

*Motion for Attorney Fees*

Section 1354 is part of the Davis-Stirling Act, which controls common interest developments in California.[2] Subdivision (c) of that section states: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." "'Governing documents' means the declaration and any other documents, such as bylaws, operating rules, articles of incorporation, or articles of association, *which govern the operation of the common interest development or association*." (§ 1351, subd. (j), italics added.)

The parties do not dispute that the Association CC&Rs govern the operation of the New Sherwood Community -- a common interest development or association -- and therefore fall within the definition of "governing documents."

---

[2] Section 1354 provides, in its entirety: "(a) The covenants and restrictions in the declaration shall be enforceable equitable servitudes, unless unreasonable, and shall inure to the benefit of and bind all owners of separate interests in the development. Unless the declaration states otherwise, these servitudes may be enforced by any owner of a separate interest or by the association, or by both. [¶] (b) A governing document other than the declaration may be enforced by the association against an owner of a separate interest or by an owner of a separate interest against the association. [¶] (c) In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs."

(§§ 1354, subd. (c), 1351, subd. (j); see *Arias v. Katella Townhouse Homeowners Assn., Inc.* (2005) 127 Cal.App.4th 847, 852-853.) The Association maintains this was an action to enforce those governing documents because the original complaint alleged violations of the Association CC&Rs. Patterson responds those allegations were superseded by the FAC and SAC, which alleged violations of the Park CC&Rs, not the Association CC&Rs. We agree with Patterson.

"'It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. [Citations.]' [Citation.] 'Such amended pleading supplants all prior complaints. It alone will be considered by the reviewing court. [Citations.]' [Citation.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884; *Bassett v. Lakeside Inn, Inc.* (2006) 140 Cal.App.4th 863, 869-870 (*Bassett*); *JKC3H8 v. Colton* (2013) 221 Cal.App.4th 468, 477.) In other words, once an amended complaint is filed, the original complaint is superseded and ceases to have any effect as a pleading or as a basis for judgment. (*Bassett,* at pp. 869-870; *Baltins v. James* (1995) 36 Cal.App.4th 1193, 1205, overruled on another point in *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 761, fn. 9.)

When Patterson amended the original complaint to delete the allegations regarding the Association CC&Rs, it ceased to be an action to enforce those governing documents. (See *Bassett, supra,* 140 Cal.App.4th at pp. 869-870; *Baltins v. James, supra,* 36 Cal.App.4th at p. 1205.) Both the FAC and the SAC -- the operative complaint -- sought enforcement of the Park CC&Rs against the Association, not its own CC&Rs. Because the Association obtained judgment on the SAC, it prevailed in an action to enforce the Park CC&Rs. The trial court properly declined to award fees based on allegations in the superseded original complaint.

The Association contends Patterson conceded, in her pro per opposition to the motion for summary adjudication, that attorney fees would be available to the party who prevailed on the SAC. It is true that Patterson asserted that section 1354 afforded her a private right of action to enforce the Park CC&Rs. The trial court rejected that theory, finding she lacked standing under that statute. As the Association points out,

5

Patterson's lack of standing does not necessarily insulate her from an award of attorney fees. Section 1354, subdivision (c), applies even when a plaintiff sues to enforce the governing documents but is unsuccessful because he or she lacks standing to do so. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1038-1039; *Farber v. Bay View Terrace Homeowners Assn.* (2006) 141 Cal.App.4th 1007, 1014.)

Regardless of Patterson's standing, however, attorney fees are available only if she sought to enforce the governing documents, i.e., "the declaration and any other documents, such as bylaws, operating rules, articles of incorporation, or articles of association, which govern the operation of the common interest development or association." (§§ 1351, subd. (j), 1354, subd. (c).) Under section 1354's "[n]arrow statutory language," the critical inquiry is whether the declaration or other document, notwithstanding its label, governs the operation of a common interest development or association. (*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 745; see *Bear Creek Master Assn. v. Edwards* (2005) 130 Cal.App.4th 1470, 1480 ["The Davis-Stirling Act by its own terms applies to . . . common interest developments"].)

There is no question the Park CC&Rs govern the operation of the Park. The question is whether, in so doing, they govern the operation of a common interest development or association, as defined under the Davis-Stirling Act. The Association concedes that, although it must adhere to the Park CC&Rs, they do not govern its operation or that of any other association. (See § 1351, subd. (a) [now § 4080]; *SB Liberty, LLC v. Isla Verde Assn., Inc.* (2013) 217 Cal.App.4th 272, 281, fn. 4 (*SB Liberty*).) The only remaining query, therefore, is whether they govern a common interest development.

The Davis-Stirling Act defines "common interest development" as any of the following: "(a) A community apartment project. [¶] (b) A condominium project. [¶] (c) A planned development. [¶] (d) A stock cooperative." (§ 1351, subd. (c) [now § 4100]; see *SB Liberty, supra,* 217 Cal.App.4th at p. 281, fn. 3.) It is undisputed the Park is not an apartment, condominium or stock cooperative. To qualify as a planned development, a project must have either a "[c]ommon area that is owned either by an

6

association or in common by the owners of the separate interests who possess appurtenant rights to the beneficial use and enjoyment of the common area," or a "[c]ommon area and an association that maintains the common area with the power to levy assessments that may become a lien upon the separate interests . . . ." (§ 1351, subd. (k) [now section 4175, subds. (a)-(b)].)

Patterson asserts the Park does not meet the definition of a planned development because there is neither a common area, nor the power to levy a lien on any separate interests. (See § 1352 [now § 4200].) The Association points to no law or evidence in the record refuting this assertion. Indeed, it does not appear to claim the Park is a planned development. As the trial court aptly observed, because the Park CC&Rs "govern[] the rights, responsibilities and relationship between people who are not members of [a] Common Interest Development," they "indicate on their face that it is not a 'common interest development.'"

Moreover, section 1352 conditions the creation of a common interest development upon the conveyance of certain interests and the recordation of certain documents. (See *Golden Rain Foundation v. Franz* (2008) 163 Cal.App.4th 1141, 1151.) One of the required documents is a declaration stating, among other things, "that the common interest development is a community apartment project, condominium project, planned development, stock cooperative, or combination thereof." (§ 1353, subd. (a)(1) [now § 4250, subd. (a)].) That the Park CC&Rs contain no such statement reinforces the conclusion it is not a common interest development.

In its reply brief, the Association contends, for the first time, that it is entitled to at least $19,086.50 in attorney fees for defending the original complaint. It claims that by successfully demurring to that complaint, which sought to enforce its own CC&Rs, it is the prevailing party "[i]n an action to enforce the governing documents." (§ 1354, subd. (c).) Because this contention was not raised in the trial court or in the opening brief, we decline to address it. (See, e.g., *Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486 ["Points not raised in the trial court will not be considered on appeal"]; *Habitat and Watershed Caretakers v. City of Santa Cruz* (2013) 213

7

Cal.App.4th 1277, 1292, fn. 6 ["Arguments presented for the first time in an appellant's reply brief are considered waived"]; *Holmes v. Petrovich Development Co.* (2011) 191 Cal.App.4th 1047, 1064, fn. 2 ["argument is forfeited" where "it is raised for the first time in [appellant's] reply brief without a showing of good cause"].)

The Association had the burden of establishing its entitlement to attorney fees. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.) It has not shown that Patterson's claim to enforce the Park CC&Rs qualified as an action to enforce the governing documents of a common interest development or association. (§§ 1354, subd. (c), 1351, subd. (j).) Because the Association did not prevail on an action to enforce the governing documents, the trial court properly denied its motion for fees under section 1354, subdivision (c).

## DISPOSITION

The order denying the motion for attorney fees is affirmed. Patterson shall recover her costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

8

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Swedelsongottlieb, David C. Swedelson and Joan E. Lewis-Heard for Defendant and Appellant.

Law Offices of Richard L. Francis & Associates, and Richard L. Francis for Plaintiff and Respondent.