[No. E037244. Fourth Dist., Div. Two. Dec. 15, 2005.]

FAITH MOSLEY et al., Plaintiffs and Appellants, v.
SAN BERNARDINO CITY UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

**COUNSEL**

The Cochran Firm and Brian T. Dunn for Plaintiffs and Appellants.

Cummings, McClorey, Davis & Acho and Alan C. Jablin for Defendant and Respondent.

**OPINION**

**HOLLENHORST, J.**—Plaintiffs and appellants Faith Mosley and Donnie Wortham (collectively, Plaintiffs) appeal from a judgment entered in favor of defendant and respondent San Bernardino City Unified School District (the District) after the trial court sustained the District's demurrer to the second amended complaint without leave to amend.

## PROCEDURAL BACKGROUND AND FACTS

Because the matter arises after demurrer has been sustained, we must treat all properly pled facts as true. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

Plaintiffs' daughter, Dashanay Smith-Wortham (Decedent) was a student at Arroyo Valley High School (School), a school which is managed, controlled, and operating within the District. On or about January 4, 2003, at approximately 2:00 a.m., Decedent was injured when she fell off the rear portion of a van being driven by Ja'Niece Allen (Allen) and struck her head. The incident occurred at the corner of Marshall Boulevard and Mountain View Avenue in San Bernardino, California. As a result of these injuries, Decedent died on January 5. The District is responsible for hiring and supervising Allen.

On January 17, 2003, Plaintiffs served a claim on the District for damages sustained as a result of this incident as set forth in Government Code section 910. The District denied the claim on January 28.

On March 3, 2003, Plaintiffs initiated this wrongful death action against the District and other parties. In their initial complaint, Plaintiffs alleged that Allen was the coach of the School's women's basketball team, and that she, along with the District, undertook to provide transportation for Decedent and other girls. Plaintiffs claimed that Allen and the District sponsored the activity which Decedent participated in on the night of her injuries. The District demurred and the trial court granted the demurrer, in part, with leave to amend.

On July 15, 2003, Plaintiffs filed their first amended complaint wherein they, again, alleged that Allen was the coach of the School's women's basketball team, that she, along with the District, undertook to provide transportation for Decedent and other girls, and that she and the District sponsored the activity which Decedent participated in on the night of her injuries. The District filed its answer and conducted discovery. On August 25, 2004, Plaintiffs moved for leave to file a second amended complaint. The motion was granted.

On September 20, 2004, Plaintiffs filed their second amended complaint wherein they removed all allegations that Decedent was injured during a school-sponsored activity. They further removed the allegation that Allen was employed by the District on the night of Decedent's injuries and was acting within the scope of her employment with either the School or the District. Instead, Plaintiffs alleged on information and belief that the District "who [was] responsible for hiring and supervising [Allen] knew or, in the exercise

of reasonable diligence, should have known, that [Allen] did not have the requisite background, training, psychological aptitude, emotional maturity, mental stability, and/or experience to properly care for and supervise the minor students under [her] care, including [Decedent]." Furthermore, Plaintiffs alleged that the District knew or should have known that Allen "did not have sufficient experience, training, mental and psychological stability, and skill in the operation of motor vehicles as to competently and safely operate a motor vehicle of the type that was being operated on January 4, 2003."

In response, the District demurred to the second amended complaint on the grounds that it was immune from liability pursuant to Education Code section 44808 and Government Code section 815. The trial court agreed and judgment was entered in favor of the District on November 4, 2004.

## STANDARD OF REVIEW

"A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] In doing so, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may be properly judicially noticed. Reversible error exists only if facts were alleged showing entitlement to relief under any possible legal theory. [Citations] [¶] Second, where the demurrer is sustained without leave to amend, reviewing courts determine whether the trial court abused its discretion in doing so. [Citations.]" (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497–1498 [57 Cal.Rptr.2d 406].) "[W]e decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]" (*Blank v. Kirwan*, *supra*, 39 Cal.3d 311, 318.) "The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. [Citation.]" (*Chavez v. Whirlpool Corp.* (2001) 93 Cal.App.4th 363, 369 [113 Cal.Rptr.2d 175].)

## DISCUSSION

■ "A school district owes a duty of care to its students because a special relationship exists between the students and the district. [Citation.] The special relationship, by itself, does not create liability. Tort liability for governmental entities is based upon statute. [Citations.]" (*Guerrero v. South Bay Union School Dist.* (2003) 114 Cal.App.4th 264, 268 [7 Cal.Rptr.3d 509].)

Plaintiffs contend the trial court erred in sustaining the District's demurrer without leave to amend because the District "is liable for a student's injuries which are proximately caused when District employees who are responsible for hiring and supervising an employee fail to exercise reasonable care in the hiring and supervision of that employee." Plaintiffs primarily rely upon *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948] (*John R.*) and *Virginia G. v. ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848 [19 Cal.Rptr.2d 671] (*Virginia G.*), in support of liability. However, both of these cases involved students who were sexually assaulted by teachers and are therefore factually distinguishable.

In *John R.*, the student was at the teacher's apartment while participating in an officially sanctioned extracurricular program known as Instructional Work Experience (IWE) for which he received both school credit and monetary payments for assisting teachers. (*John R., supra*, 48 Cal.3d 438, 441–442.) The sexual assault occurred during this school activity. In *Virginia G.*, the student was sexually assaulted by the teacher while she was at school. (*Virginia G., supra*, 15 Cal.App.4th 1848, 1851.)

In both *John R.* and *Virginia G.*, the claims regarding negligent hiring and supervision arose from incidents that occurred either at school or off school premises during an officially sanctioned school program. Here, Decedent's injuries were not incurred during any official school-sponsored or sanctioned activity. Education Code section 44808 provides: "Notwithstanding any other provision of this code, no school district, city or county board of education, county superintendent of schools, or any officer or employee of such district or board shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless such district, board, or person has undertaken to provide transportation for such pupil to and from the school premises, has undertaken a school-sponsored activity off the premises of such school, has otherwise specifically assumed such responsibility or liability or has failed to exercise reasonable care under the circumstances. [¶] In the event of such a specific undertaking, the district, board, or person shall be liable or responsible for the conduct or safety of any pupil only while such pupil is or should be under the immediate and direct supervision of an employee of such district or board."

■ Under Education Code section 44808, the District would not be liable for injuries off campus and after school unless they were the result of the District's negligence occurring on school grounds or were the result of some specific undertaking by the District, which was then performed in a negligent manner.

Despite the above case and statutory law, Plaintiffs argue that the School and the District, both of which were responsible for hiring and supervising Allen, knew or should have known that Allen did not have the experience, training, or psychological stability necessary to safely and competently operate a motor vehicle, and that they knew or should have known of Allen's foreseeable risk of exposing students to harm. We disagree for the following reasons.

First, we note that Allen is the coach of the School's women's basketball team; she is not a bus driver, nor was she hired as a driver for the School. Second, we find it presumptuous of Plaintiffs to suggest that the District is in a better position than the Department of Motor Vehicles of the State of California to decide whether Allen possessed sufficient experience, training, or psychological stability necessary to safely and competently operate a motor vehicle. Third, and more importantly, Plaintiffs' argument suggests that there is no action by a teacher for which a district would not be liable so long as it may be traced back to negligent hiring and supervision. We are unaware of any case law that extends such liability that far, nor are we inclined to do so.

"In essence, [Education Code section 44808] grants a district immunity unless a student was (or should have been) directly supervised during a specified undertaking." (*Wolfe v. Dublin Unified School Dist.* (1997) 56 Cal.App.4th 126, 129 [65 Cal.Rptr.2d 280].) Applying the statute to the facts of this case, the trial court correctly determined that the District was not responsible for Decedent's injuries. Therefore, the District's demurrer was properly sustained without leave to amend.

Although Plaintiffs cite to several other cases to support their theory of liability, none involve the factual situation before this court. In *Hoyem v. Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508 [150 Cal.Rptr. 1, 585 P.2d 851], the student was injured when he left the school premises prior to the end of scheduled classes. In *Joyce v. Simi Valley Unified School Dist.* (2003) 110 Cal.App.4th 292 [1 Cal.Rptr.3d 712], a student was injured after passing through an open school yard gate. In *Perna v. Conejo Valley Unified School Dist.* (1983) 143 Cal.App.3d 292 [192 Cal.Rptr. 10], two students were injured while walking home after being kept at school by a teacher after school hours.

Having found Education Code section 44808 applicable, we need not consider Plaintiffs' other arguments.

## DISPOSITION

The judgment is affirmed. The District is awarded its costs on appeal.

Ramirez, P. J., and Richli, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 22, 2006, S140511.