Filed 6/12/26  Richardson v. Kaweah Health Home Health CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE LOUIS RICHARDSON, JR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> KAWEAH HEALTH HOME HEALTH, et al., <br><br> Defendants and Respondents. | F090008 <br><br> (Super. Ct. No. VCU311369) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

George Louis Richardson, Jr., in pro. per., for Plaintiff and Appellant.

Salinas Law Group, Richard S. Salinas, Stacy R. Lucas, and Clare E. Demera, for Defendant and Respondent Kaweah Health Home Health.

-ooOoo-

George Louis Richardson, Jr., who was self-represented in the trial court and is self-represented on appeal, brought this medical malpractice action against Kaweah Health Home Health and Family Health Care Network.  Kaweah Health Home Health filed a demurrer to Richardson's first amended complaint.  The trial court sustained the

demurrer, without leave to amend, on grounds the matter was time barred. Richardson appealed. We affirm.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

Richardson initiated this case in the Tulare County Superior Court on July 26, 2024, by filing a complaint against Kaweah Health Home Health (Kaweah Home Health) and Family Health Care Network, alleging medical negligence. Kaweah Home Health filed a demurrer to the complaint. On March 4, 2025, the trial court sustained the demurrer, *with* leave to amend.

On March 10, 2025, Richardson filed a first amended complaint (FAC) against Kaweah Home Health and Family Health Care Network.[1] The FAC contains a single cause of action for medical negligence as to "[a]ll [d]efendants."

The "[f]actual [a]llegations" noted in the FAC are, in total, as follows:

"On June 21, 2020, [Richardson] sustained multiple gunshot wounds and received emergency treatment at a medical facility. After discharge, he was placed under [d]efendants' care for wound management and home healthcare services. Defendants failed to properly assess and treat [his] wounds, leading to a severe infection. *On July 20, 2020, [Richardson] noticed a foul odor, severe pain, and worsening symptoms. Upon inquiry, he discovered that a second wound had been neglected, leading to a severe infection requiring emergency hospitalization.* [He] was admitted to Kaweah Delta Medical Center for five days due to the complications from the infection. The California Department of Public Health (CDPH) issued a deficiency report confirming that [d]efendants failed to properly assess the wound and notify a physician, which constitutes a breach of the duty of care. Defendants now attempt to distort the timeline of events and challenge the validity of [Richardson's] claims to deflect liability. However, the medical records, hospitalizations, and state deficiency reports clearly establish their negligence." (Numeration and bold face omitted; italics added.)

---

[1] Family Health Care Network did not appear on appeal; it is unclear whether it appeared below or was properly served in this case.

The FAC addresses, in a separate section, the statute of limitations for medical malpractice, and asserts the statute should be tolled in this case on account of Richardson's temporary "incapacity." Specifically, the FAC states:

> "Under California Code of Civil Procedure § 340.5, the statute of limitations for medical malpractice is three years from the date of injury or one year from discovery, whichever occurs first. However, under California Code of Civil Procedure § 352(a), the statute of limitations is tolled when a person is incapacitated or legally unable to file suit. [Richardson] was incapacitated from July 2020 through July 2024 due to [s]evere medical conditions, chronic infections, and physical limitations caused by the untreated wound infection[;] [m]ental incapacity due to prolonged hospitalization, infection complications, and prescription medications that affected his cognitive abilities[;] [and] [l]egal and financial incapacity, preventing him from managing his affairs or pursuing legal action. [He] regained capacity in July 2024 and filed his lawsuit within months of regaining his mental capacity, making it timely under California law. Defendants argue that [Richardson] had knowledge of the wrongdoing at an earlier date; however, knowledge alone does not eliminate incapacity. The law recognizes that an individual suffering from severe medical and mental impairment is unable to take legal action until their capacity is restored." (Numeration and bold face omitted.)

The FAC seeks general damages, special damages, punitive damages, and costs of suit.

Kaweah Home Health filed a demurrer to the FAC. The trial court heard the matter on June 10, 2025. In a detailed written ruling issued the same day, the court sustained the demurrer to the FAC *without* leave to amend.

Richardson's appeal followed.

## TRIAL COURT'S RULING

As noted, the trial court issued a detailed written ruling. The court sustained Kaweah Home Health's demurrer without leave to amend, on grounds that the action was "time barred under the outer three-year limitation period," and Richardson had not "demonstrated a reasonable possibility to amend which overcomes the three-year maximum limitation period in this matter."

3.

The trial court first addressed the elements of medical malpractice: "The elements of medical malpractice are '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate or causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.' (*Simmons v. West Covina Medical Clinic* (1989) 212 Cal.App.3d 696, 701-702; citations omitted.)"

The trial court then explained: "The applicable limitations period for a particular cause of action 'runs from the moment a claim accrues.' ([*Aryeh v. Canon*] *Business Solutions, Inc*. (2013) 55 Cal.4th 1185, 1191.) 'A cause of action accrues when it is complete with all of its elements—those elements being wrongdoing, harm, and causation. This is the "last element" accrual rule; ordinarily, the statute of limitations runs from "the occurrence of the last element essential to the cause of action." ' (*Id*.)"

The trial court noted: " '[A] cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for the particular cause of action. In that case, the statute of limitations for that cause of action will be tolled until such time as a reasonable investigation would have revealed its factual basis.' (*Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 803 [(*Fox*)].)"

The trial court added: "The limitations period begins once a plaintiff has notice or information to put a reasonable person on inquiry. (*Jolly v. Eli Lilly & Co*. (1988) 44 Cal.3d 1103, 1110-1112.) A plaintiff 'need not be aware of the specific "facts" necessary to establish the claim' for the statute to [begin] to run. (*Id*. at 1111.) Rather, '[o]nce the plaintiff has [a] suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.'

(*Id.*)"  The court continued:  "Thus, a 'malpractice litigant is required to diligently pursue her claim through discovery of the cause of her injury.  And if she fails to do so faces the prospect that the action will be time barred.'  (*Artal v.* [*Allen*] (2003) [111] Cal.App.4th 273, 279.)"

The trial court next discussed the applicable statute of limitations:

"[Code of Civil Procedure] [s]ection 340.5,[2] applicable to professional negligence medical malpractice causes of action, states:

" 'In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of [the] action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.  In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following:  (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person….'

" 'Thus, [s]ection 340.5 contains two periods of limitation, a three-year and a one-year period, both of which must be met.'  (*Artal v. Allen*[, *supra*, 111 Cal.App.4th at p.] 278.)  'Irrespective of the one-year provision of section 340.5, its three-year provision "provides an outer limit which terminates all malpractice liability and it commences to run when the patient is aware of the physical manifestations of [his] injury without regard to awareness of the negligent cause."  [Citation.]'  (*Id.* at 282.)"

The trial court further explained:  "Here, the [FAC] indicates that [Richardson] possessed at least the 'suspicion of wrongdoing' by July 20, 2020, as he pleads he discovered that a second wound had been neglected, leading to a severe infection causing 'unbearable pain' and a 'foul odor' requiring emergency hospitalization.  The initial complaint was filed July 26, 2024, beyond the outer three-year statute of limitations from the date of accrual in July 2020."

---

**2** Subsequent undesignated statutory references are to the Code of Civil Procedure.

The trial court also addressed the FAC's allegations of incapacity pursuant to section 352, subdivision (a). The court ruled:

"[Section] 352 states, in pertinent part:

" '(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action.'

"There is no claim [Richardson] was under the age of majority and therefore the Court examines [his] alleged lack of legal capacity as to 'Severe medical conditions, chronic infections, and physical limitations caused by the untreated wound infection,' 'Mental incapacity due to prolonged hospitalization, infection complications, and prescription medications that affected his cognitive abilities,' and 'Legal and financial incapacity, preventing him from managing his affairs or pursuing legal action.' [Citation.]

"However[,] only the 'one-year statute of limitations contained in [section] 340.5 can be tolled by the [incapacity] provision in [section] 352.' (*Alcott Rehabilitation Hospital v. Superior Court* (2001) 93 Cal.App.4th 94, 105 [(*Alcott*)].)

"The three-year statute of limitations is not similarly tolled by [section] 352. (*Id.* at 101; *Fogarty v. Superior Court* (1981) 117 Cal.App.3d 316, 320 [(*Fogarty*)].)

"As such, the matter remains time barred under the outer three-year limitation period."

As noted, the trial court sustained Kaweah Home Health's demurrer without leave to amend.

## DISCUSSION

### I.      Trial Court Properly Sustained Demurrer Without Leave to Amend

Richardson challenges the trial court's order sustaining Kaweah Home Health's demurrer without leave to amend. We affirm.

6.

## A. Standard of Review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "When a demurrer is sustained, we determine [de novo] whether the complaint states facts sufficient to constitute a cause of action." (*Ibid*.) In doing so, we "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid*.) "Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law." (*Ibid*.)

When a demurrer is sustained without leave to amend, we review the denial of leave for abuse of discretion. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend "if there is a reasonable possibility the plaintiff can amend the complaint to allege any cause of action." (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "To prove such abuse of discretion, however, the plaintiff must demonstrate how the complaint can be amended. [Citation.] While such a showing can be made for the first time to the reviewing court [citation], it must be made." (*Smith*, *supra,* at p. 711.) "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

## B. Richardson has Forfeited his Arguments

Preliminarily, Kaweah Home Health argues that Richardson "has forfeited his contentions on appeal." (Capitalization omitted.) Specifically, Kaweah Home Health argues: "In the Opening Brief, [Richardson] has utterly failed to support any of his factual contentions or legal arguments as required by law. [Richardson] failed to

properly support his factual and procedural references by citation to the record.  An appellant who fails to cite accurately to the record forfeits the issue or argument that is presented without … record reference[s].  (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.)  California Rules of Court, rule 8.204[(a)(1)(C)] provides each brief must '[s]upport any reference to a matter in the record by citation to the volume and page number of the record where the matter appears.' "

Kaweah Home Health adds: "Further, [Richardson] failed to provide reasoned arguments supported by legal authority … Although the Opening Brief contains a table of [authorities], not one of the [nine] listed cases is cited [anywhere] in the entire Opening Brief[;] in fact the Opening brief lacks citation to any case law or legal authority whatsoever."  Kaweah Home Health continues:  "[This] court may disregard conclusory arguments that are not supported by pertinent legal authority.  (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.)"

Kaweah Home Health's arguments are well taken.  Here, Richardson has forfeited his arguments challenging the trial court's order sustaining Kaweah Home Health's demurrer, without leave to amend, because his arguments lack relevant support, adequate analysis, and requisite citations to the record.  (See *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd*. (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review."]; see also *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 [" ' "[i]f a party fails to support an argument with the necessary citations to the record, ... the argument [will be] deemed to have been waived" ' "].)

However, as discussed below, even were we to disregard Kaweah Home Health's forfeiture argument and consider the merits of Richardson's contentions, they are unavailing.

### C.     Trial Court Correctly Determined Richardson's Case Was Time Barred

Richardson argues:  "Appellant did not discover the second wound until July 20, 2020, when he contacted the hospital seeking clarification about the source of his worsening condition.  This was the first date he received confirmation that a second [and unattended] wound existed.  Under the delayed discovery rule, this is the earliest date the statute of limitations could begin to run.  The trial court erred by failing to analyze or apply this rule."

Kaweah Home Health responds:  "In the FAC, Appellant contends that on July 20, 2020, he discovered that 'a second wound had been neglected' leading to a severe infection … Appellant did not file his initial complaint until July 26, 2024, [citation] which is beyond the three-year statute of limitations set forth by [section] 340.5.  Thus, the Superior Court properly sustained Defendant's demurrer to the FAC."

Kaweah Home Health adds:  "Appellant's argument that the Superior Court erred by failing to apply the delayed discovery rule because Appellant did not discover the second wound until July 20, 2020, is contrary to the record, unpersuasive, and nonsensical[;] [the court] clearly took this date into account."  Kaweah Home Health points to the following portion of the court's ruling:  " 'Here, the amended complaint indicates that [Richardson] possessed at least the "suspicion of wrongdoing" by July 20, 2020… The initial complaint was filed July 26, 2024, beyond the outer three-year statute of limitations from the date of accrual in July 2020.' "  Kaweah Home Health concludes:  "Therefore, this appeal should be denied."

" 'The defense of statute of limitations may be asserted by general demurrer if the complaint shows on its face that the statute bars the action.' "  (*E-Fab, Inc. v. Accountants, Inc. Services*  (2007) 153 Cal.App.4th 1308, 1315.)  "A plaintiff must bring a claim within the limitations period after the 'accrual' of the cause of action."  (*Fox*, *supra*, 35 Cal.4th at p. 806.)  Ordinarily, accrual occurs when the elements of the cause of action are complete.  (*Ibid*.)  However, "[a]n important exception to the general rule of

9.

accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Id*. at p. 807.)

The applicable statute of limitations for medical negligence is set forth in section 340.5, which provides for a statute of limitations of "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Section 340.5 further provides: "*In no event shall the time for commencement of legal action exceed three years* unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." (Italics added.)

Under section 340.5, the trial court correctly determined that Richardson's medical malpractice action was time barred, as apparent on the face of the complaint.

### D. *Trial Court Correctly Determined Section 352, Subdivision (a) did not Assist Richardson*

Richardson next posits: "[S]ection 352 tolls the limitations period when a plaintiff lacks legal capacity to understand or protect his rights. Tolling continues until capacity is restored." He argues: "The trial court did not consider section 352 tolling and therefore failed to apply controlling statutory provisions. This was error."

Kaweah Home Health responds: "Appellant argues that the Superior Court erred because it did not consider tolling the statute of limitation pursuant to Code of Civil Procedure section 352. However, as noted by the Superior Court, only the 'one-year statute of limitations contained in … section 340.5 can be tolled by the [incapacity] provision in … section 352.' ([*Alcott*, *supra,* 93 Cal.App.4th at p. 105].) The three-year statute of limitations is not similarly tolled by … section 352. (*Id*. at 101; *Fogarty*[, *supra*, 117 Cal.App.3d at p. 320.)"

Under section 352, a limitations accrual is tolled during a person's incapacity. Section 352, subdivision (a) states: "If a person entitled to bring an action … is, at the

time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action." For purposes of this tolling provision, a plaintiff lacks capacity if he is "'incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts[.]' " (*Alcott*, *supra*, 93 Cal.App.4th at p. 101; *Feeley v. Southern Pacific Transportation Co.* (1991) 234 Cal.App.3d 949, 951-953; *Hsu v. Mt. Zion Hospital* (1968) 259 Cal.App.2d 562, 571.)[3] The tolling continues until the plaintiff is restored to competency. (*Feeley*, at p. 952.)

Section 352's tolling provision serves only to extend section 340.5's one-year limitations period applicable to medical malpractice actions. (*Alcott*, *supra*, 93 Cal.App.4th at pp. 99-106; see *Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928, 931; *Kaplan v. Mamelak* (2008) 162 Cal.App.4th 637, 642-644.) Thus, section 352, subdivision (a) "compels tolling of the one-year limitation period" while a plaintiff is incapacitated, but no longer than the three-year outside limit. (*Alcott*, at p. 104.)

In sum, the tolling provision in section 352, subdivision (a), does not help Richardson, as he filed this action beyond the three-year maximum limitations period.

### E.      *Trial Court Properly Denied Leave to Amend*

Richardson further argues, in conclusory fashion, that the trial court erred in denying leave to amend.

---

[3] These cases interpreted the prior version of section 352, subdivision (a), which contained the term, "insane." The term insane was subsequently replaced by the phrase, "lacking the legal capacity to make decisions." However, this change of wording was instituted by a technical amendment, which was part of an effort to update outdated and stigmatizing terms for mental health conditions appearing in various California civil statutes. The change in terminology was therefore not intended to alter the meaning of the statutory language. (See Assem. Com. On Judiciary, May 6, 2014, Analysis of Assem. Bill No. 1847 (2013-2014 Reg. Sess.), as amended Apr. 22, 2014; Cal. Prac. Guide, Civ. Pro. Before Tr., Stat. of Limitations, Ch. 5-B, ¶ 5.75.)

Kaweah Home Health responds: "Here, there is no amendment to cure the fact that the FAC is barred by the statute of limitation[s]. Further, Appellant has not attempted to demonstrate how an amendment could cure this defect. Where a demurrer is sustained without leave to amend, the burden is on the appellant to demonstrate how the complaint can be amended to state a valid cause of action. [*Mosley v. San Bernardino City Unified School Dist.* (2005) 134 Cal.App.4th 1260[, 1263]."

We conclude Richardson has failed to show the trial court's denial of leave to amend was an abuse of discretion.

### F. Conclusion

Richardson makes a few additional arguments.[4] However, these arguments are either undeveloped or unintelligible, and we will not address them further. (*Gonzalez v. City of Norwalk* (2017) 17 Cal.App.5th 1295, 1311 [" 'We are not bound to develop appellants' argument for them.' "].)

Furthermore, to the extent Richardson makes any new arguments for the first time in his reply brief, we decline to consider them. (*Champir, LLC v. Fairbanks Ranch Association* (2021) 66 Cal.App.5th 583, 591, fn 3 [" 'Normally, a contention may not be raised for the first time in a reply brief.' "].)

### DISPOSITION

The trial court's order sustaining Kaweah Health Home Health's demurrer to the first amended complaint, without leave to amend, is affirmed. Kaweah Health Home Health shall recover its costs on appeal.

---

[4] More specifically, Richardson argues "equitable tolling also applied because extraordinary circumstances prevented timely filing"; "respondents' own conduct contributed to the delayed discovery of the injury"; and "the trial court improperly resolved factual disputes at the demurrer stage." (Capitalization omitted.)

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P. J.

DETJEN, J.